William C. Stewart et al., Late Partners as D. Stewart & Sons, Plffs. in Err., *v.* Edward S. Jaffray et al., Partners as E. S. Jaffray & Company.

Mere delay in bringing a suit against the principal debtor will not release the guarantor.

An affidavit of defense setting up such delay held not sufficient in an action on a guaranty, where the affidavit of claim showed reasonable diligence in attempting to collect of the principal debtor, and that the latter was insolvent.

(Argued November 15, 1886. Decided January 3, 1887.)

October Term, 1886, No. 250, W. D., before GORDON, PAX-

NOTE.—A mere delay will not relieve the guarantor, there being no binding contract for extension of time (Shaffstall v. McDaniel, 152 Pa. 598, 25 Atl. 576); provided reasonable diligence is exercised, which is a question

son, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment for plaintiffs for want of a sufficient affidavit of defense in an action on a contract. Affirmed.

The affidavit of claim set forth that defendants, D. Stewart & Sons, for value received, made, executed, and delivered to the plaintiffs, E. S. Jaffray & Company, a paper partly in writing and partly in printing as follows:

"For and in consideration of the sale and delivery of merchandise made and which may be made by E. S. Jaffray & Co. to Miss M. G. Stewart, hereinafter described, and of the sum of one dollar to us in hand paid by the said E. S. Jaffray & Co. (the receipt whereof is hereby acknowledged), we hereby guarantee unto the said E. S. Jaffray & Co., unconditionally, at and all times after maturity, any indebtedness (not exceeding the sum of —— dollars) of Miss M. G. Stewart, now doing business in Pittsburgh, county of Allegheny, and state of Pennsylvania, for any purchase made prior to, at, or to be made after, this date, by the said Miss M. G. Stewart of the said E. S. Jaffray & Co. upon a credit of —— or such other time or at any extension of time after maturity as may be given by said E. S. Jaffray & Co. to the said Miss M. G. Stewart; and we hereby waive all the demands of payment and notice of protest as the respective bills, notes, acceptances, or other indebtedness of the said Miss M. G. Stewart, fall due. This guarantee is to be an open and continuous one at all times to the amount of —— dollars above named until revoked by us in writing.

Dated at New York, this 15th day of January, in the year of our Lord, one thousand eight hundred and eighty-four.

D. Stewart & Sons."

That, in pursuance of such writing, plaintiffs delivered to Miss M. G. Stewart between January 17 and April 23, 1884, goods, as set forth in a bill annexed, to the amount of $1,865.45, upon which account has been paid the sum of $1,041.18, between February 23 and April 16, 1884, and no more.

for the jury (Tissue v. Hanna, 158 Pa. 384, 27 Atl. 1104). And a binding contract to extend the time of payment will not release the guarantor, where the latter had agreed that this could be done. Koenigsberg v. Lennig, 161 Pa. 171, 28 Atl. 1016.

"That for months back the plaintiffs have made diligent inquiry for the whereabouts of Miss M. G. Stewart, and have been unable to find her; that on or about the 19th day of February, A. D. 1886, the plaintiffs caused suit to be instituted against her at Pittsburgh, her last known place of residence, to wit, at No. 569, March term, A. D., 1886, in the court of common pleas No. 1, of Allegheny county, in the state of Pennsylvania, for the collection of said claim; whereupon summons were issued to the sheriff of said Allegheny county, returnable to the first Monday of March, 1886, who (the said sheriff) after due search and inquiry was unable to find her, and in due time so made return to said writ. That said Miss M. G. Stewart has no goods or chattels, rights or credits, lands or tenements anywhere but those which are exempt by law, and that she is insolvent.

"That—by reason of said guaranty paper above recited and signed by William C. Stewart, one of the members of said firm (brother of said Miss M. G. Stewart), and afterwards admitted by him, and the facts above stated—the said firm of D. Stewart & Sons became and is indebted on said writing to them in the full amount of said claim of $824.27, with interest so as aforementioned."

The affidavit of defense filed by W. C. Stewart, of the firm of D. Stewart & Sons, admitted the signing of the guaranty and alleged that at the time thereof the said M. G. Stewart was perfectly solvent; that it was distinctly understood and agreed upon between plaintiffs and defendants, at the time of signing the guaranty, that all goods sold said M. G. Stewart were to be paid for in ten days; and on payment within ten days a discount of 7 per cent was to be allowed from the face of the account; that E. S. Jaffray & Company negligently allowed their account to run for more than one year before suing or making any active effort to collect it; that at the time said goods were sold M. G. Stewart was solvent and so continued for several months. After said goods were sold the firm of D. Stewart & Sons became insolvent, which fact was known to plaintiffs; and at that time plaintiffs could have (by the exercise of ordinary diligence) collected their claim in full from M. G. Stewart; that no suit was brought by plaintiffs upon their claim until after M. G. Stewart had removed from Pittsburgh to the state of Kansas; that the plaintiffs, by their unreasonable delay, as aforesaid, have taken it out of defendant W. C. Stewart's power to protect himself from loss

by paying said claim and recovering the amount thereof from the principal debtor; that reasonable care and diligence on plaintiffs' part in pressing their claim against the original debtor would have resulted in its payment; and that the necessary legal steps to render D. Stewart & Sons liable for said debt as guarantors were not taken.

Plaintiffs took a rule for judgment for want of a sufficient affidavit of defense, and filed, *inter alia,* as reasons:

2. That the allegation in the affidavit of defense: that it was understood and agreed upon by the parties, at the time of the signing of the guaranty, that all goods sold said M. G. Stewart were to be paid for in ten days, as see terms set forth on bill, and on payment within ten days a discount of 7 per cent was to be allowed on face of claim, is no defense, and not contradictory of the affidavit of claim. There are no such set terms set forth on the bill as filed by plaintiffs; and if such an agreement was made, it does not disagree with the agreement claimed on by plaintiffs; and there is no allegation in the affidavit of defense that there was any offer to pay any of the bills claimed on by the defendants, within ten days of the time of purchase.

3. That under the terms of the agreement claimed on, and which is not denied by the affidavit of defense, plaintiffs had a right at any time within six years to compel the payment of the money by the defendants, if the same had not been paid by said M. G. Stewart, the purchaser.

The court, in an opinion delivered after hearing, held that mere delay in bringing suit against the principal debtor would not release the guarantor; that the affidavit of defense was insufficient, and that the rule for judgment must be made absolute.

The assignments of error specified such holding of the court as error.

*J. McF. Carpenter,* for plaintiffs in error.—Until all the facts and circumstances are made known, the court cannot say whether there was unreasonable delay or a want of due diligence. National Loan & Bldg. Asso. v. Lichtenwalner, 100 Pa. 103, 45 Am. Rep. 359.

A guarantor may be discharged by mere indulgence of the creditor to the principal. Brandt, Suretyship & Guaranty, p. 3.

The undertaking of a guarantor is merely collateral and secondary. The creditor must resort in the first instance to the

debtor; and the guarantor is liable only after the debtor has proved insolvent and the creditor has unsuccessfully used due diligence to obtain payment from him. Hoffman v. Bechtel, 52 Pa. 193. See also Johnston v. Chapman, 3 Penr. & W. 18; Isett v. Hoge, 2 Watts, 128; Woods v. Sherman, 71 Pa. 100; National Loan & Bldg. Asso. v. Lichtenwalner, 100 Pa. 103, 45 Am. Rep. 359.

In Rudy v. Wolf, 16 Serg. & R. 82, this court has said: "It is sufficient if it be laid down that due diligence to recover the money from the obligor must be used; and what is due diligence must always be a part of the determination of a jury upon the whole evidence submitted to them."

This doctrine is reaffirmed in Hoffman v. Bechtel, 52 Pa. 193; Woods v. Sherman, 71 Pa. 100, and National Loan & Bldg. Asso. v. Lichtenwalner, 100 Pa. 103, 45 Am. Rep. 359.

There being no dispute between the parties, as to the contract in suit being one of guaranty, we submit that the court below clearly erred when it made the rule for judgment absolute. Reigart v. White, 52 Pa. 438.

The allegation on the one hand and denial on the other puts the plaintiffs upon proof of matters *dehors* the copy filed; and this is sufficient to prevent judgment. Endlich, Affidavits of Defense, p. 250.

The affidavit of defense law, as it is called, takes away the right of trial by jury; and hence affidavits of defense should receive a liberal construction. "If the affidavit sets forth substantially a good defense it should be supported." Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny Nat. Bank, 96 Pa. 135.

Otherwise the rule will be converted into a snare to entrap justice. Kountz v. Citizens Oil Ref. Co. 72 Pa. 396.

Defendant should not be held to a rigor of statement so severe as to catch him in a mere net of forms. Lawrance v. Smedley, 6 W. N. C. 42.

*Bruce, Negley, & Shields,* for defendants in error.—An agreement, in writing, to be responsible for the debt of another has been held to be within the affidavit of defense law. Korn v. Hohl, 80 Pa. 333.

The contract in this case is what is known in the law as a contract of indemnity, or contract of suretyship as treated of in the text books. See Addison, Contr. § 1111.

A general and technical contract of suretyship is a direct liability to the creditor for the act to be performed by the debtor, and a general and technical guaranty is a liability only for his ability to perform the act. But it would be difficult to define the commercial contract of guaranty so clearly as to reconcile all the adjudged cases lying upon the confines between guaranty and suretyship. Reigart v. White, 52 Pa. 440.

The creditor, in order to recover against a technical guarantor, must prove due diligence against the principal. Woods v. Sherman, 71 Pa. 104.

In Woods v. Sherman, Justice SHARSWOOD says: "In Sherman v. Roberts, 1 Grant Cas. 261, however, the word guarantee was held to have been used in its popular and not its technical sense—a sense, it may be remarked, which very few laymen know or consider in making contracts of this kind. The leaning of this court of late years has therefore very properly been against construing such contracts to be general guarantees."

In this case of Woods v. Sherman the contract was in these words: "I do hereby guarantee to Sherman & Company the payment of contract made by them with Davis & Woods to the amount of ten thousand dollars."

PER CURIAM:

Admitting that the obligation sued upon in this case was technically a guaranty, yet as the affidavit of claim shows reasonable diligence in the way of collecting the plaintiffs' bill, and also sets forth that the principal debtor was insolvent, we regard the judgment of the court below as well entered. Nor are we convinced by the argument of the learned counsel for the defendants, that the case was not one falling within the law allowing the taking of judgment for the want of a sufficient affidavit of defense.

The judgment is affirmed.